# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHERINE OVANNA WATSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-295-2

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Sherine Ovanna Watson entered a conditional guilty plea to conspiracy to transport undocumented aliens, reserving the right to appeal the denial of her motion to suppress. That motion challenged a traffic stop in which Homeland Security Investigations (HSI) agents discovered eight aliens hidden in the trailer of the tractor-trailer Watson was riding in as a passenger. She argues that the district court erred by denying her motion to suppress because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40266

(1) the driver's conduct in stopping at an intersection, signaling, and then turning did not violate Texas law, and (2) even if the initial stop was valid, the agents lacked reasonable suspicion to extend the stop for the purpose of conducting an investigation into alien smuggling.

"When reviewing the denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). In addition to deferring to the district court's factual findings, this court must view the evidence in the light most favorable to the prevailing party, which in this case is the Government. *See United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

The legality of a traffic stop is analyzed under the "two-tiered reasonable suspicion inquiry" articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). It asks "whether the officer's action was justified at its inception," and then "whether the search or seizure was reasonably related in scope to the circumstances that justified the stop in the first place." *United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003).

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Texas law requires a driver to "signal continuously for not less than the last 100 feet of movement of the vehicle before the turn," even when the driver stops at an intersection before turning. TEX. TRANSP. CODE ANN. § 545.104(b); *see State v. Elias*, 339 S.W.3d 667, 675 (Tex. Crim. App. 2011); *see also State v. Losoya*, No. 04-15-00017-CR, 2015 WL 9594721, *2 (Tex. App. Dec. 30, 2015). Because the police officer saw Watson's vehicle stop within 100 feet of an intersection

without signaling and only then signal before turning, he had reasonable suspicion to believe a traffic violation occurred. *See Lopez-Moreno*, 420 F.3d at 430; *Elias*, 339 S.W.3d at 675.

Next, we must look to the totality of the circumstances to determine whether reasonable suspicion existed to detain Watson for an investigation into alien smuggling that culminated in a canine alerting to the presence of concealed persons about 30 minutes after the stop. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002). An informant's tip can provide the basis for reasonable suspicion if it has sufficient indicia of reliability considering (1) the credibility and reliability of the informant, (2) the specificity of the information provided, (3) the extent to which the information can be verified by officers in the field, and (4) whether the tip concerns recent activity or has instead become stale. *United States v. Martinez*, 486 F.3d 855, 861, 863 (5th Cir. 2007). In this case, an informant provided HSI agents with information about the color, owner, and expected location of the tractor-trailer, and accurately predicted its movements as well as those of other vehicles involved in the smuggling. The informant provided some of this information minutes before it happened, and agents in the field were able to corroborate the information as events occurred. Therefore, after corroborating the informant's predictions, the agents could reasonably believe that the informant's tip about the tractor-trailer smuggling aliens was also reliable. *See Alabama v. White*, 496 U.S. 325, 332 (1990). In addition, Agent Robinson was a seasoned alien-smuggling investigator, and her inferences that the vehicles' movements were consistent with alien smuggling (some vehicles were circling the tractor-trailer which indicates they were scouting), are entitled to due weight. *See Arvizu*, 534 U.S. at 273-74. Finally, Watson's assertion that Agent Robinson's "observations of conduct that is equally consistent with non-criminal activity" cannot support

reasonable suspicion is unavailing, as behavior that otherwise appears innocent "may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers." *United States v. Cervantes*, 797 F.3d 326, 329 (5th Cir. 2015) (internal quotation marks and citation omitted). Considering all the circumstances, the agents had reasonable suspicion to detain Watson. *See Arvizu*, 534 U.S. at 273.

The district court's denial of Watson's motion to suppress is AFFIRMED.